## Commonwealth *v.* Kress, Appellant.

Submitted January 5, 1970. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Murray B. Frazee, Jr.,* Public Defender, for appellant.

*Daniel E. Teeter,* Special Assistant District Attorney, and *Oscar F. Spicer,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, May 27, 1970:

Appellant was convicted of first degree murder and sentenced to life imprisonment in May, 1964. Appellant filed no post-trial motions, nor was any direct appeal taken. However, the appellant filed a petition for habeas corpus. After an evidentiary hearing, the petition was denied. *Com. ex rel. Kress v. Rundle,* 7 Adams 171 (1966). We affirmed. *Com. ex rel. Kress v. Rundle,* 425 Pa. 142, 228 A. 2d 772 (1967).

Appellant has now filed a post-conviction petition. This petition raises only one issue: Did appellant knowingly and intelligently waive his right of direct appeal?

The court below denied appellant's petition. We agree with its decision.

The record shows that appellant, assisted by counsel, had a full evidentiary hearing on his habeas corpus petition on January 25, 1966. At that time, the appellant raised the issue of ineffectiveness of his trial counsel, alleging that his court-appointed counsel had failed to notify him of his right to appeal. The following is quoted from the opinion of the court below at the habeas corpus proceeding:

"[Appellant] complains that after the verdict was returned he told counsel he did not feel that he had a fair trial and that counsel said he could appeal but that he would have nothing to do with it. . . .

". . . [C]ounsel's version is entirely different. He testified that after sentence was imposed he went to the jail to explain Relator's rights to take further action if he desired. He told him that he had a right to appeal and to let him know if he wished to appeal so that he could take action. He told the Relator that although he did not think he had grounds for an appeal it was his function to take it for him. He also told the Relator of his right to habeas corpus on constitutional grounds. The Relator said he did not want to appeal; that he was very happy the way things went; he thought he would get the chair. We accept counsel's version of what occurred."

At this proceeding, appellant was assisted by court-appointed counsel even though he had requested that this counsel be dismissed and he be permitted to act on his own. The court stated in its opinion, after explaining that counsel had been originally appointed to represent appellant at his hearing on September 14, 1965, but that after this hearing had been continued, appellant had sought to represent himself: "Nevertheless, the Court directed [counsel] to sit with Relator and to render such assistance as might be required. An examination of the record indicates that he required considerable assistance."

Under these circumstances, appellant had ample opportunity to litigate fully the question of whether he had waived his right to appeal.

As we said in affirming the denial of appellant's habeas corpus proceeding: "After a review of the record, we conclude that the able and painstakingly thorough opinion of the late President Judge W. C. SHEELY

adequately disposes of all of appellant's non-frivolous contentions."

Our conclusion remains the same.   Order affirmed.